In the Matter of the Estate of S. VERNON MANN, Deceased.

Surrogate's Court, Suffolk County, June 5, 1933.

*Davis, Polk, Wardwell, Gardiner & Reed* [*Allen Wardwell, Walter D. Fletcher* and *William M. Hobson* of counsel], for the petitioner.

*Milbank, Tweed, Hope & Webb* [*Sinclair Hamilton* and *Thomas A. Ryan* of counsel], for Carl G. Smedberg, as committee.

*E. D. Deremer,* for S. Vernon Mann, Jr.

*William H. Robbins* [*Guy O. Walser* of counsel], special guardian.

PELLETREAU, S. The decedent died July 8, 1916. His wife, Eliza I. S. Mann, his son, S. Vernon Mann, Jr., and Richmond Weed were appointed executors of his will and trustees thereunder. They accounted as executors and a trust was set up as provided in the will.

Eliza I. S. Mann, aforesaid, died May 28, 1920. The surviving trustees duly accounted and the trusts provided for in the will upon the event of the death of Eliza I. S. Mann, aforesaid, were then setup. These trusts are the subject of this accounting.

In December, 1931, Richmond Weed first learned that his cotrustee, S. Vernon Mann, Jr., had stolen cash and securities to the amount of $933,481.38 from the trust assets. Mr. Weed now accounts.

The principal question involved is whether Richmond Weed, the accounting trustee, should be surcharged with what his cotrustee had stolen (the polite term is " converted and appropriated to his own use ") from the trust fund.

Mr. Weed is a lawyer. Mr. S. Vernon Mann, Jr., the cotrustee, was a money broker and trained in financial affairs, as had been his father before him.

It appears that the Weed and Mann families have been neighbors and intimate friends for many years. Richmond Weed and S. Vernon Mann, Jr., were intimate friends from boyhood. Mr. Weed was attorney for the Manns. This fact and the intimate friendship existing, no doubt caused the selection of Mr. Weed as executor and trustee. Mr. S. Vernon Mann, Jr., had been associated with his father as a money broker; he was trained in finance as Mr. Weed was trained in the law.

Mr. S. Vernon Mann, Jr., managed the investments. His sisters were the life beneficiaries of the trusts; the remaindermen were his nephews and nieces and his own children.

Up to the time of the discovery of the defalcation of S. Vernon Mann, Jr., on December 9, 1931, he had borne a very high reputation socially and in business and was considered most dependable and trustworthy by all who knew him or transacted business with him. The trust securities were kept in a safe deposit box. Mr. Weed's visits to the box were infrequent. Mr. Mann, Jr., attended to the investment of the trust funds. They together checked up the trust account and went over the investments from time to time. Richmond Weed undoubtedly had implicit faith in his cotrustee. It would seem that he was justified in so doing from the foregoing.

Mr. Weed clearly had no reason to believe that Mr. S. Vernon Mann was living beyond his means or was speculating. Nothing was brought to his attention indicating improper conduct by his cotrustee.

Coming to the above conclusions, as I do upon mature deliberation, should I surcharge Richmond Weed and place upon him the burden of his cotrustee's wrong? Was Richmond Weed negligent in placing his confidence in S. Vernon Mann, Jr.? Upon the testimony I think he was justified in so doing.

Based upon the above conclusions of fact, I think the law laid down in the following cases fits this situation: *Ormiston* v. *Olcott* (84 N. Y. 339); *McCabe* v. *Fowler* (Id. 314); *Croft* v. *Williams* (88 id. 384).

I think Mr. Weed discharged his duties with such prudence and diligence as in general the man of average prudence and discretion employs in his affairs. (*Purdy* v. *Lynch*, 145 N. Y. 462; see p. 475.)

Section 265 of the Surrogate's Court Act provides that a trustee shall not sustain any loss by the decrease or loss, without his fault, of any part of the estate or fund but he shall be allowed for such decrease or loss on the settlement of his accounts. If a trustee is liable for the defalcation of his cotrustee there must lie at the very foundation of his liability a wrong done or a duty omitted. (See *Matter of Halstead*, 44 Misc. 176; affd. on opinion below, 110 App. Div. 909; affd., 184 N. Y. 563; *Matter of Walsh*, 143 Misc. 223; affd., 236 App. Div. 809.)

In considering the liability of the petitioner, we must look at the situation as then existing and conditions as he saw them and not in the light of subsequent events. (See *Matter of Clark*, 257 N. Y. 132.)

From the above I conclude that the petitioner, Richmond Weed, should not be surcharged for the defalcation of his cotrustee and that his accounts should be approved.

Decree accordingly.